UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARCEL BEVERLY,

                Plaintiff,                        Hon. Richard Alan Enslen

v.                                        Case No. 1:07 CV 757

DEBORAH DUTCHER,

                Defendant.

_____/


## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant Dutcher's Motion for Summary Judgment, (dkt. #21), and Plaintiff's Motion to Amend Complaint, (dkt. #24).   Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Defendant's motion be **granted**, Plaintiff's motion **granted**, and Plaintiff's action **dismissed**.


## BACKGROUND

        In his complaint, (dkt. #1), Plaintiff asserts the following.  On January 31, 2007, Plaintiff was transferred from the Florence Crane Correctional Facility to the Carson City Correctional Facility. On February 2, 2007, legal mail addressed to Plaintiff was received at the Florence Crane Correctional Facility.  This mail was identified as legal mail by the Florence Crane Mailroom Supervisor and subsequently forwarded to Plaintiff at the Carson City Correctional Facility.

On February 15, 2007, Corrections Officer Rossell delivered this mail to Plaintiff.  When Plaintiff received this mail, he observed that it had already been opened.  The following day, Plaintiff complained to Defendant Dutcher, the Mailroom Supervisor at the Carson City Correctional Facility, that his legal mail had been improperly opened outside of his presence.  Dutcher responded that the mailroom was aware that his legal mail was supposed to receive "special handling" (i.e., not opened outside of his presence), but that the particular item of mail in question "must have just been missed."

Plaintiff initiated the present action on August 6, 2007, against Defendant Dutcher and other unidentified parties.  Plaintiff has failed to articulate the nature of the claim(s) he is asserting in this action.  The Court has interpreted Plaintiff's complaint as asserting the claim that his First Amendment rights were violated by the opening outside his presence of his legal mail.  Defendant Dutcher now moves for summary judgment.  Plaintiff also moves to amend his complaint.

## STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has

had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

I.        **Plaintiff's Motion to Amend Complaint**

In his complaint, Plaintiff failed to indicate whether he is suing Defendant Dutcher in her official or individual capacity. As the Sixth Circuit has long recognized, plaintiffs "seeking damages under § 1983 [have an affirmative duty to] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Green v. Cook*, 2003 WL 22976550 at *1 (6th Cir., Dec. 3, 2003) (quoting *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989)). If a plaintiff fails to indicate that he "intended to sue the defendant in his individual capacity, the defendant is presumptively sued in his official capacity." *Green*, 2003 WL 22976550 at *1 (citing *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991)).

Plaintiff now moves to amend his complaint to make clear that he is suing Defendant Dutcher in her personal capacity. While Plaintiff has failed to submit a complete proposed amended complaint, the Court nonetheless grants Plaintiff's motion to amend his complaint to make clear that he is suing Defendant Dutcher in her personal capacity.

II.        **Defendant Dutcher's Motion for Summary Judgment**

There is no dispute that the First Amendment protects the right of prisoners to receive legal mail. *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Moreover, while prison officials have a legitimate right to inspect incoming legal mail for contraband they may not read a prisoner's incoming legal mail and must perform any inspection thereof in the prisoner's presence. *Id.* at 874. Plaintiff alleges that his right to have his legal mail opened in his presence was violated in this instance.

However, Plaintiff has neither alleged that Defendant Dutcher was the individual who improperly opened his legal mail nor has he presented evidence from which such can reasonably be concluded. Defendant Dutcher asserts that she did not open the item of mail in question and Plaintiff offers no evidence suggesting otherwise. In this respect, the Court notes that Plaintiff has had more than sufficient time to conduct discovery to obtain facts or evidence in support of his claim. A review of Plaintiff's complaint and response to the present motion reveals that he has sued Defendant Dutcher not because he has evidence that she is the individual who actually opened his legal mail, but because Defendant Dutcher was the Mailroom Supervisor at the time of the alleged incident.

However, liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability, as Plaintiff must instead allege personal involvement by a particular defendant. *See Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) ("the supervisors must have actively engaged in unconstitutional behavior. . .[because] liability must lie upon more than a mere right to control employees and cannot rely on simple negligence") (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998); *Street v. Corrections Corp. of America*, 102 F.3d 810, 817-18 (6th Cir. 1996). For the reasons discussed above, therefore, the Court recommends that Defendant Dutcher is entitled to summary judgment.

### III.        Plaintiff's Claims Against the Unidentified Defendants

Plaintiff initiated the present action on August 6, 2007. In his complaint, Plaintiff identifies as defendants "Ms. D. Dutcher et al." This certainly suggests that Plaintiff is seeking to assert claims against additional defendants. However, while more than one year has passed since the initiation of this action, Plaintiff has failed to request an extension of time to identify or effect service on any other

individuals.  Plaintiff has likewise failed to request the Court's assistance in identifying or effecting service on these unidentified individuals.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint."  The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."  If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).  Considering Plaintiff's lack of diligence in this matter, the Court recommends that Plaintiff's claims against the unidentified individuals referenced in his complaint be dismissed without prejudice for failure to timely effect service.

## <u>CONCLUSION</u>

For the reasons articulated herein, the Court recommends that Plaintiff's <u>Motion to Amend Complaint</u>, (dkt. #24), be **granted**; <u>Defendant Dutcher's Motion for Summary Judgment</u>, (dkt. #21), be **granted**; and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  December 16, 2008                           /s/ Ellen S. Carmody                   
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge